UNITED STATES DISTRCIT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DOUGLAS PELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-00003 |
| v. | ) | |
| | ) | |
| JEFFERSON CAPITAL SYSTEMS LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

NOW COMES PLAINTIFF, DOUGLAS PELTON, by and through his attorney, the Law

Offices of Daniel O. Myers, PLLC, and for his Complaint against DEFENDANT JEFFERSON

CAPITAL SYSTEMS LLC states as follows:

## INTRODUCTION

This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692, e*t seq*. based on Defendant JEFFERSON CAPITAL SYSTEMS LLC's unfair and

deceptive practices in collecting allegedly defaulted debts.

## PARTIES AND JURISDICTION

1.     Plaintiff DOUGLAS PELTON ("Plaintiff") is an individual who is a citizen of the

State of Michigan who resides in Lake City, Michigan.

2.     Defendant JEFFERSON CAPITAL SYSTEMS, LLC ("Jefferson Capital") is a

Georgia limited liability company which maintains its principle place of business in St. Cloud,

Minnesota.

3.     Defendant is a "debt collector" as defined in Section 803(6) of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692a(6).

4.      The subject matter of this action arises under the laws of the United States, and this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.      This Court has personal jurisdiction over the defendant in this action as it regularly transacts or conduct business in the State of Michigan and a substantial part of the acts or omissions which gave rise the claims made herein occurred in Michigan.

6.      Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions which gave rise the claims made herein occurred in this District and Division, and because there is personal jurisdiction over the named Defendant because it regularly conduct business in this judicial district.

## FACTUAL BACKGROUND

7.      On March 14, 2016, Defendant Jefferson Capital filed an action against Plaintiff, captioned *Jefferson Capital Systems, LLC as Successor in Interest of Tribute Card v. Douglas S. Pelton* in the 84th District Court of Michigan, Case No. 16-083-GC (hereinafter "Debt Collection Lawsuit"), alleging that Plaintiff had defaulted on a debt.  A copy of the Complaint and Summons and attached Affidavit with the purported account number redacted is attached as Exhibit A.

8.      At paragraph 1 the complaint alleges Defendant Jefferson Capital is the successor in interest to "Tribute Card."  Neither the Complaint nor the affidavit attached allege or show an assignment of the alleged account from "Tribute Card" to Jefferson Capital, directly or indirectly through a series of intervening assignments.

9.      In fact, Plaintiff discovered during defending the Debt Collection Lawsuit that "Tribute Card" is not the name of an original creditor, but instead was a credit card imprint issued through marketing agreements between issuing banks and CompuCredit Corporation

("CompuCredit"), now known as Atlanticus.  The "Tribute Card" was one of many "subprime" credit cards marketed by CompuCredit to persons with poor credit.

10.     In 2008, CompuCredit and Jefferson Capital were sued by the Federal Trade Commission alleging their marketing and collection practices violated federal law.  Because of that lawsuit, CompuCredit and Defendant Jefferson Capital agreed to stipulate to an entry of orders that required at least $114 million in credits be made to accounts in restitution for certain fees, and enjoined from further violations of debt collection statutes.  The orders also required Defendant Jefferson Capital maintain complete and accurate records of all collection files and subjected it to compliance monitoring for a period of three years.

11.     Plaintiff is informed and believes and on that basis alleges that the account which was the alleged basis for the Debt Collection Lawsuit was among those subject to the stipulated orders.

12.     The Federal Trade Commission ("FTC") has recommended that complaints filed by debt buyers like Defendant at a minimum include the name of the original creditor, the last four digits of the original account number, the date of default or charge-off and the amount due at that time, the name of the current owner of the debt, the total amount currently due on the debt and a breakdown of the total amount currently due by principal, interest, and fees.  (*See* Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration, (2010), available at: http://www.ftc.gov/os/2010/07/debtcollectionreport.pdf, at ii) (hereinafter "FTC 2010 Report").

13.     The Complaint filed by Defendant is a one page, eight paragraph form complaint printed on a dot matrix printer and does not meet this minimum.

14. The Complaint fails to allege the date of default or charge-off, the amount due at that time, or a breakdown of the total amount currently due by principal, interest, and fees.

15. The Complaint also fails to state the date the account was opened, or the date of the alleged first default.

16. The Complaint is framed as a claim for "account stated."  At paragraph 7, the Complaint alleges that Defendant had "completed performance and rendered an account stated."

17. A claim for "account stated" in Michigan requires the showing of a mutual agreement to a balance on an account, in effect creating a new contract to pay. *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc*., 494 Mich. 543, 558; 837 N.W.2d 244, 252-53 (2013) (quoting Corbin, Contracts (re. ed.), § 72.4(2), p. 481) ("Specifically, '[a]n account stated requires the manifestation of assent by both parties to the correctness of the account between them.'").

18. The Complaint fails to allege that Plaintiff had assented to the balance on the account or provide details regarding when, where and how the account stated was allegedly rendered.

19. In fact, prior to discovery in the Debt Collection Lawsuit, Plaintiff was never provided with a complete statement of the alleged account and had never assented to the alleged balance.

20. The Complaint also seeks "interest, cost and attorney fees." In Michigan, "awards of costs or attorney fees are not allowed unless expressly authorized by statute, court rule, or a recognized exception." *Rinaldi v Rinaldi*, 122 Mich. App. 391, 402; 333 N.W.2d 61 (1983). Attorney fees and costs for a claim of account stated is not authorized by statute, rule or a recognized exception.

21.     After the Complaint was served, Plaintiff appeared and filed an Answer. However, Plaintiff had no independent recollection of, or records relating to, the alleged account. The limited information disclosed in the Complaint was not sufficient to allow Plaintiff to adequately defend the Debt Collection Lawsuit by himself and Plaintiff was required to find an attorney.

22.     After Plaintiff's attorney filed an appearance in the Debt Collection Lawsuit, Plaintiff filed discovery requests to Defendant.

23.     In response to this discovery, Defendant produced, among other things, copies of a few statements allegedly sent to Plaintiff by CompuCredit between March 2008 and January 2010.  However, Plaintiff did not reside at the address shown on the statements during that period.

24.     Also in response to those requests, Defendant produced a "Statement of Account Activity" which disclosed, among other things, records showing the account was opened in 2007 and Charged Off on June 14, 2010.  The date of the last activity shown in Statement of Account Activity was November 9, 2009.

25.     Thus, Defendant knew or should have known as of the filing of the Complaint on March 14, 2016 it was outside the applicable six-year statute of limitations.  MCL § 600.5807(8).

26.     Perhaps recognizing the implications of this fact, Defendant also provided with the discovery responses an "affidavit" allegedly signed July 31, 2016 – thus *after* the filing of the Complaint – which states a payment of $50.00 that was not reflected in the "Statement of Account" was made on May 13, 2011.

27.     The "affidavit," fails to identify the signatory by name or the jurisdiction in which it was executed. A copy of the "affidavit" is attached as Exhibit B.

28.     Plaintiff has no record or recollection of any payment on the alleged account, and is informed and believes and on that basis, alleges that he did not make such a payment.

29.     Even if the affidavit were properly executed and the statements made in it true, however, the affidavit would not rescue the Complaint.

30.     While the Statute of Limitations on an "open and mutual account current" runs from the date of the last payment (MCL § 600.5831), the account in this case, a credit card account, is not an "open and mutual account."

31.     An open and mutual account current is an "an account that is both mutual and open, resulting from "a course of dealing where each party furnishes credit to the other on the reliance that upon settlement the accounts will be allowed, so that one will reduce the balance due on the other." *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc*., 494 Mich. 543, 558; 837 N.W.2d 244, 251-52 (2013) (quoting *In re Hiscock Estate*, 79 Mich 536, 538; 44 NW 947 (1890).

32.     A credit card account is a contract by which credit is extended to the cardholder, and not a mutual extension of credit, and thus cannot be a "mutual account."  Even if it were to be considered "mutual," in this case the last payment on an open account was made November 9, 2009.  As of June 14, 2010, the account was Charged Off and thus no longer "open."

33.     Pursuant to MCL 600.5866, an implied or express contract (such as an account stated or an action on a credit card agreement) may only be revived by a *written* acknowledgement or promise to pay the debt.

34.     Plaintiff did not at any time after the date of charge off make a written acknowledgment or promise to pay the alleged debt.

35.     Therefore, even if a payment was made on May 13, 2011 as alleged in the "affidavit," the limitations period was not revived and the Complaint was filed outside the applicable period.

36.     Shortly after producing the requested discovery, Defendant dismissed the Debt Collection Lawsuit with prejudice.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 USCS § 1692 *et seq*.

37.     The Fair Debt Collection Practices Act ("FDCPA") was enacted "to eliminate abusive debt collection practices . . . and . . . to protect consumers against debt collection practice abuses." 15 U.S.C. § 1692e.  Under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692k(a), 1692e, and 1692f, a debt collector is subject to civil liability if it "use[s] any false, deceptive, or misleading representation or means in connection with the collection of any debt" or if it "use[s] unfair or unconscionable means to collect or attempt to collect any debt."  The statute imposes liability for "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d).

38.     A "debt collector" is defined by the FDCPA as "any person [1] who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

39.     Defendant is a "debt collector" as defined by the FDCPA.

40.     The FDCPA holds "'debt collectors liable for various "abusive, deceptive, and unfair debt collection practices" regardless of whether the debt is valid.'" *Schroyer v. Frankel*, 197 F.3d 1170, 1178 (6th Cir. Ohio 1999) (*quoting McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (quoting 15 U.S.C. § 1692a)).  FDCPA claims have "nothing to do with

whether the underlying debt is valid" and instead concern "the method of collecting the debt" *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla.), *aff'd*, 66 F.3d 342 (11th Cir. 1995).

41.     The FDCPA applies to improper legal actions taken in an attempt to collect a debt, and applies to actions taken through an attorney, such as the filing of a complaint. "Many courts have recognized that a company may be held vicariously liable for the collection activities of attorneys working on its behalf." *Schutz v. Arrow Fin. Servs*., LLC, 465 F. Supp. 2d 872, 876 (D. Ill. 2006); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1486 (M.D. Ala. 1987).

42.     Section 1692(k) states that "any debt collector who fails to comply with any provision of [the Act] with respect to any person is liable to such person" in the amount of that person's actual damages, as well as such additional damages as the Court may allow not to exceed $1,000.

43.     Section 1692k(a)(3) provides that in an action to enforce the FDCPA, the Court may award a successful plaintiff "the costs of the action, together with a reasonable attorney's fee as determined by the court."

44.     Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Without limiting what constitutes false, deceptive, or misleading representations or means, § 1692e states that, among other things, it is a violation of the Act to make a false representation with respect to the "character, amount, or legal status of any debt.".

45.     Section 1692f of the FDCP prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. Without limiting what constitutes an "unfair or unconscionable means," §1692f states that, among other things, it is a violation of the Act to collect any amount (including any interest, fee, charge, or expense

incidental to the principal obligation) unless the amount is expressly authorized by the agreement creating the debt or permitted by law.

46.     Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Misrepresentations or deceptive omissions of material facts constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act. The Federal Trade Commission has emphasized in numerous law enforcement actions that debt collectors who do not have adequate support for representations made to consumers are engaged in deception.

47.     Defendant's actions recited above misrepresent material facts regarding the alleged debt and violate the FDCPA, by among other things:

    a.  failing to identify the original creditor of the account in the Complaint;

    b.  asking for an award of costs and attorney fees in the Complaint with no factual or legal basis for the award of costs and attorney fees; and

    c.  filing the Complaint outside the applicable statute of limitations.

48.     As a direct and proximate result of Defendant's violations, Plaintiff has suffered actual damages, including but not limited to the time and cost required to appear in court and to engage an attorney to defend the Debt Collection Lawsuit.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

    a.  For actual damages according to proof;

    b.  For compensatory damages as permitted by law;

    c.  For consequential damages as permitted by law;

    d.  For statutory damages as permitted by law;

    e.  For punitive damages as permitted by law;

    f.  For equitable relief, including restitution;

g.  For interest as permitted by law;

h.  For injunctive relief;

i.  For reasonable attorneys' fees and costs as provided by statute; and

j.  For such other relief as is just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby respectfully requests a jury trial on all issues so triable.

Dated: January 3, 2017

Respectfully Submitted,

_____/s/_____
Daniel Myers
The Law Offices of Daniel O. Myers
818 Red Drive, Suite 210
Traverse City, MI  49684
Phone: (231) 943-1135
Toll Free: (800) 340-8500
dmyers@domlawoffice.com
www.domlawoffice.com